**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
kjacobson@quillarrowlaw.com
Allen Amarkarian, Esq. (SBN 319117)
aamarkarian@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:  (310) 933-4271
Facsimile:   (310) 889-0645

Attorneys for Plaintiff,
**MARIO GUTIERREZ DIAZ**

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTIERREZ DIAZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-01506-JSC<br><br>*Assigned to the Hon. Magistrate Judge Jacqueline Scott Corley in Courtroom 8*<br><br>**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Allen Amarkarian with Exhibits Thereto and [Proposed] Order]<br><br>**HEARING**<br>**Date: May 25, 2023**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8**<br><br>Lawsuit Filed: January 30, 2023<br>Trial Date: Not set. |

- 1 -
**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND**

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 25, 2023, at 10:00 a.m., in Courtroom 8 of the Northern District Court of California, Plaintiff MARIO GUTIERREZ DIAZ ("Plaintiff"), will and hereby does move this Court for an Order remanding the above-entitled action back to the Superior Court of the State of California for the County of San Francisco.

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Allen Amarkarian, Esq. attached hereto, the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

Dated:  April 19, 2023

                Respectfully submitted,
                **QUILL & ARROW, LLP**

                */s/ Kevin Y. Jacobson*
                Kevin Y. Jacobson, Esq.
                Allen Amarkarian, Esq.
                Attorneys for Plaintiff
                **MARIO GUTIERREZ DIAZ**

**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

On January 30, 2023, Plaintiff MARIO GUTIERREZ DIAZ ("Plaintiff"), filed this action in the Superior Court of California for the County of San Francisco, against Defendant, FORD MOTOR COMPANY ("Ford" or "Defendant"), alleging breach of implied and express warranties under the California Song-Beverly Consumer Warranty Act ("Song-Beverly" or "the Act"), arising out of his purchase of a 2019 Ford F-150 ("Subject Vehicle"). (Declaration of Allen Amarkarian ¶ 4; Exhibit 1.)

At the outset, Plaintiff highlights to the court that Plaintiff's Motion to Remand ("Motion") is brought solely on the grounds that Ford's untimely Notice of Removal is procedurally defective, and thus remand is mandated, pursuant to 28 U.S.C. §§ 1446 *et seq.*, and 1447(c). Critically, Plaintiff does not dispute Ford's allegations concerning its satisfaction of 28 U.S.C. § 1332 et seq.'s requirements. Rather, Plaintiff contends that Ford's allegations concerning Subject Matter Jurisdiction have been rendered moot by the untimely filing of its Notice of Removal. (Declaration of Allen Amarkarian ¶ 5.) As such, Plaintiff has never contested, nor intends to contest, the amount in controversy alleged by Ford, for purposes of Subject Matter Jurisdiction, as they are immaterial to establishing the procedural defect inherent in Ford's Notice of Removal.

### i. Procedural Posture Mandating Remand

On February 6, 2023, Plaintiff personally served a copy of the Complaint and Summons on Ford. (Declaration of Allen Amarkarian ¶ 6; Exhibit 2) On March 9, 2023, Ford proceeded with filing its Answer in State Court, in lieu of removing the matter to federal jurisdiction. 28 U.S.C. § 1446(b)(1) ["Section 1446(b)(1)"] (removing party must remove action within ***30 days*** after service of summons or complaint). ECF No. 1; (Declaration of Allen Amarkarian ¶ 7; Exhibit 3.)

On March 30, 2023, Ford filed its Notice of Removal with the Northern District, relying on 28 U.S.C. §§ 1332 et seq., 1441 et seq., and 1446(b)(3) ("Section 1446(b)(3)"). However, Ford's Notice of Removal comes ***twenty-one (21) days*** after

- 3 -
**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND**

the thirty (30) day deadline for removal, as prescribed by 28 U.S.C. § 1446(b)(1). ***Emphasis added***. (Declaration of Allen Amarkarian ¶ 8; Exhibit 4.)

This Court should not be misled by Defendant's specious application of Section 1446(b) and alleging that Defendant's Notice of Removal was timely filed. As the record clearly reflects that Ford had sufficient information to plausibly allege satisfaction of the jurisdictional threshold, and overall removability of the action, during its statutory removal window. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart*") (the Supreme Court establishing that notice of removal merely requires ***plausible allegation*** that the Section 1332(a)'s jurisdictional threshold is met; ***evidentiary submissions concerning the amount in controversy are only required when either plaintiff, or the court, questions the propriety of removal***); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("*Ibarra*") (the Ninth Circuit reverberating the appropriate standard established by the Supreme Court for removal concerning the jurisdictional threshold.). ***Emphasis added***.

Moreover, notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F3d 689, 694 (9th Cir. 2005); *Lovern v. General Motors Corp.*, 121 F3d 160, 162 (4th Cir. 1997); *Whitaker v. American Telecasting, Inc.*, 261 F3d 196, 206 (2nd Cir. 2001) (relevant test is what document said, not what defendant purportedly knew).

As of February 6, 2023, Ford had sufficient information to plausibly allege satisfaction of the jurisdictional threshold pursuant to 28 U.S.C. § 1332, however, Defendant failed to timely remove this matter. Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court is required to remand this matter to State Court where it rightfully belongs.

## II.  STANDARD OF REVIEW

It is well-settled law that remand must be ordered for either a lack of subject matter jurisdiction, but more importantly with respect to this matter, for "any defect in

removal procedure." *See Buchner v. FDIC*, 981 F. 2d 816, 820 (5th Cir. 1993); 28 U.S.C. § 1447 (c). A district court, "…***must*** act on a timely motion to remand based on a defect in removal procedure." *Id*. at 219. ***Emphasis added***. Additionally, the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal to federal jurisdiction. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); see also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In short, "…federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d, at 566.

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction, the court may remand the case to state court, either *sua sponte*, on the motion of a party. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990).

With respect to the procedural requirements prescribed by 28 U.S.C § 1446 *et seq*., "[a] defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal....' 28 U.S.C. § 1446(a). The Supreme Court recently held that 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions. *Dart*, 135 S.Ct.at 554. But '[e]vidence establishing the amount is required' where defendant's assertion of the amount in controversy is contested by plaintiffs. *Id*. 'In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.' *Id*. at 554." *Ibarra*, *supra*, at 1197 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).)

Moreover, notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F3d 689, 694 (9th Cir. 2005);

**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND**

*Lovern v. General Motors Corp.*, 121 F3d 160, 162 (4th Cir. 1997); *Whitaker v. American Telecasting, Inc.*, 261 F3d 196, 206 (2nd Cir. 2001) (relevant test is what document said, not what defendant purportedly knew).

### III. ARGUMENT

#### A. Ford's Procedurally Defunct Notice of Removal Mandates Remand to State Court

It is well-settled law that a failure to comply with Section 1446(b)(a)'s thirty-day (30) limitation renders the removal procedurally defective, for which when a timely raised objection by plaintiff, mandates remand. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n. 1 (9th Cir.1988); 28 U.SC. § 1447 et seq.; *see also Maniar v. F.D.I.C.*, 979 F.2d 782 (9th Cir. 1992) ("*Maniar*"). Moreover, when there is more than one defendant named in the action, all defendants must unanimously consent to the removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986). While district courts may remand an action for lack of subject matter jurisdiction at any time before a final judgment, the Ninth Circuit has distinguished between jurisdictional and procedural defects, holding that the latter does not confer discretion to remand *sua sponte*. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003); *see also Maniar*, at 785).

Here, Ford's procedurally defunct Notice of Removal is much more straightforward, as none of the limitations identified by the controlling authorities are applicable. First, Ford is the sole Defendant and thus the rule of unanimity is not implicated. Second, by virtue of this timely filed Motion to Remand, as discussed *infra*, Plaintiff has timely raised his objection to Defendant's procedurally defective Notice of Removal. As such, this Court does not face the dilemma of being unable to address the procedural defect – the untimeliness of Ford's removal – *sua sponte*.

Thus, the removability of the instant action, in particular the amount in controversy and the diversity of citizenship, was easily ascertainable upon service of the Complaint and Summons. *Id*. As district courts are required to accept in good faith a removing party's plausible allegations concerning the satisfaction of the

amount in controversy requirement, Defendant's decision to ignore the thirty-day (30) removal window renders its **twenty-one (21)** day late Notice of Removal, procedurally defective. Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court is required to remand the instant action back to state court.

### B.     Plaintiff's Motion to Remand is Timely

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction, the court may remand the case to state court, either *sua sponte*, on the motion of a party. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). Dispositively, a district court must remand a case when Plaintiff timely moves the Court for an order remanding the action on the grounds of a procedural defect in the removal. 28 U.S.C. § 1447(c) (a motion to remand must be made within thirty days (30) following the filing of the notice of removal; see *Maniar*, supra, at 785; see also *Buchner*, *supra*, at 820.

As established above, Defendant filed its Notice of Removal on March 30, 2023, **twenty-one (21) days after the March 9, 2023**, deadline to remove had run, and this Court need not address nor determine whether it has Subject Matter Jurisdiction over the action. ***Emphasis added***. Thus, Plaintiff has timely filed this Motion since Plaintiff's deadline to file a Motion to Remand is April 28, 2023. Therefore, the Court must remand this action to the San Francisco County Superior Court where it rightfully belongs.

///
///
///
///
///
///
///
///

**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND**

## IV. CONCLUSION

Ford's Notice of Removal is procedurally defective as it failed to timely file its Notice of Removal within the statutory deadline. Accordingly, Plaintiff respectfully requests that this Court remand the action to State Court where it rightfully belongs.

Dated: April 19, 2023

> Respectfully submitted,
> **QUILL & ARROW, LLP**
>
> _/s/ Kevin Y. Jacobson_
> Kevin Y. Jacobson, Esq.
> Allen Amarkarian, Esq.
> Attorneys for Plaintiff
> **MARIO GUTIERREZ DIAZ**

**PLAINTIFF MARIO GUTIERREZ DIAZ'S NOTICE OF MOTION AND MOTION TO REMAND**