UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTIERREZ DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant. | Case No. 23-cv-01506-JSC<br><br>**ORDER RE: MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff filed suit in state court with lemon law claims under California's Song-Beverly Act related to his Ford vehicle. (Dkt. No. 1-2.)[1] Defendant removed to this Court. (Dkt. No. 1.) Before the Court is Plaintiff's motion to remand. (Dkt. No. 13.) After carefully considering the motion, opposition, and reply, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the May 31, 2023 hearing, and DENIES the motion.

**DISCUSSION**

Plaintiff challenges only the timeliness of removal, which is "a procedural defect and not jurisdictional." *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992). Federal subject matter jurisdiction exists here because the parties are diverse and the notice of removal includes an "unchallenged, plausible assertion" that "the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195, 1197 (9th Cir. 2015) (cleaned up); *see* 28 U.S.C. §§ 1332(a), (c); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). (Dkt. No. 1-2 ¶¶ 2–3; *see* Dkt. No. 1-1 ¶¶ 7–8, 11–24; Dkt.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   No. 1-4.)

2         Generally, a notice of removal must be filed "within 30 days after the receipt by the
3   defendant . . . of the initial pleading." 28 U.S.C. § 1446(b)(1).  But "if the case stated by the initial
4   pleading is not removable, a notice of removal may be filed within thirty days after receipt by the
5   defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other
6   paper from which it may first be ascertained that the case is one which is or has become
7   removable." *Id.* § 1446(b)(3); *see also id.* § 1446(c)(3).  "[A]n amended pleading, motion, order,
8   or other paper must make a ground for removal unequivocally clear and certain before the removal
9   clock begins under the second pathway of § 1446(b)(3)." *Dietrich v. Boeing Co.*, 14 F.4th 1089,
10  1095 (9th Cir. 2021).

11        Defendant removed on March 30, 2023.  (Dkt. No. 1.)  The relevant date is February 28,
12  2023, 30 days prior.  On that date, Defendant received a copy of the vehicle sales contract alleged
13  in the complaint.  (Dkt. No. 1-1 ¶¶ 7–8; Dkt. No. 1-3; Dkt. No. 1-4.)  "[N]o ground for removal
14  was unequivocally clear and certain until" Defendant received the contract, *Dietrich*, 14 F.4th at
15  1095, because Plaintiff's complaint did not allege the sales price or any dollar amount at issue,
16  (*see* Dkt. No. 1-2).  Plaintiff's motion for remand does not identify some other "pleading, motion,
17  order, or other paper" from which Defendant could have known the case was removable on an
18  earlier date, nor does it argue that some other ground for removal appeared on the face of the
19  complaint. 28 U.S.C. § 1446(b)(3).  Accordingly, removal was timely.  *See Dietrich*, 14 F.4th at
20  1095.

21  **CONCLUSION**

22  Plaintiff's motion for remand is DENIED.

23  This Order disposes of Docket No. 13.

24  **IT IS SO ORDERED.**

25  Dated: May 18, 2023

                                                    JACQUELINE SCOTT CORLEY
                                                    United States District Judge